IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Constance S. Hauck-Adamson<br>a/k/a Constance Hauck-Adamson,<br>a/k/a Constance S. Hauck,<br><br>      Plaintiff,<br><br>   vs.<br><br>World Government Communist Party;<br>World Government on My Insured<br>Property;<br>Communist Party of World<br>Government;<br>Socialist Party of World Government,<br><br>      Defendants. | Civil Action No. 6:15-3497-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff is a resident of Louisville, Kentucky. The above-captioned case was received in the Intake Section of the Greenville Clerk's Office on September 1, 2015. In the above-captioned case, the plaintiff has brought suit against the World Government Communist Party, the "World Government on My Insured Property," the Communist Party of World Government, and the Socialist Party of World Government. It is not clear from the complaint whether these entities are corporations or unincorporated associations.

    The plaintiff does not list defendants in the caption of the complaint. In the caption and in the "STATEMENT OF CLAIM" portions of the complaint, the plaintiff alleges: (1) the plaintiff is a communist victim, a human-trafficking victim, and a victim of possible theft by deception (doc. 1 at 1); (2) the plaintiff's father died in 1989; (3) the plaintiff is witness of being accused as a child abuser; (4) the plaintiff knows no one but her family (*id*. at 3); (5) no one talked to the plaintiff for years (*id*.); and (6) child abuse and Jesus are

important to the plaintiff (*id*.). Part IV (the relief portion) of the complaint is left blank, except for the plaintiff's signature and the date signed (*id*. at 4).

Appended to the complaint is a document bearing the dates July 7, 2015, and August 27, 2015 at the top of the document, but having a signature date of August 17, 2015 (doc. 1-1). The document refers to the United States District Court for the Western District of Kentucky in Louisville and to the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia (*id*. at 1). It can be judicially noticed that the plaintiff has prior cases in both of those courts as well as in the District of South Carolina. *See Constance Hauck Adamson v. Socialist Corp. of KY*, 585 F. App'x 263 (4th Cir. Nov. 24, 2014) (affirming this court's judgment in C.A. No. 6:15-cv-3605-HMH); and *Adamson v. Schempp*, C.A. No. 3:09CV-524-S, 2010 WL 750160 (W.D. Ky. Mar. 1, 2010). In her Answers to Rule 26.01 Interrogatories, the plaintiff, *inter alia*, refers to photographs taken of her when she was fifteen years of age (doc. 3).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, the relief portion of the complaint is left blank, except for the signature and date. "When a plaintiff has failed to ask for relief, a federal district court 'is faced with the prospect of rendering an advisory opinion; federal courts may not render

advisory opinions, however.'" *Petty v. Kirkland R & E Inst.*, C.A. No. 3:08-3061-PMD, 2008 WL 4791655, at *2 (D.S.C. Oct. 28, 2008) (collecting cases).

Even if this court were to construe the other portions of the complaint as a request for a criminal investigation with respect to child abuse and human trafficking, the plaintiff cannot obtain a criminal investigation or criminal charges against the defendants or other persons. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

| | |
|---|---|
| September 8, 2015 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).